# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES SCHIAVO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N24C-07-135 FWW |
| v. | ) | |
| | ) | |
| CLOVER NETWORK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER FINDING CHARLES SCHIAVO IN CIVIL CONTEMPT

This 11th day of April, it appears to the Court that:

1.      On March 20, 2025, Plaintiff Charles Schiavo hand delivered a three-page letter to the Court.[1]  Most of the letter rehashes arguments he made in previous filings.  He also purports to be confused and asks the Court's to instruct him on how he should proceed with this litigation.  Of course, the Court cannot provide him with legal advice.

2.      The problematic part of the letter is where he again resorts to *ad hominum* attacks on the Court and opposing counsel.   As to counsel he writes:

(a)      "I clearly established the attorneys for TD Bank and Clover were lying…;"

---

[1] D.I. 48 (*Clover*); D.I. 41 (*TD Bank*).

(b)     "I filed a motion to strike the lies told by the attorneys for TD Bank and Clover…;"

(c)     The Court "relied upon the lies advanced by the attorneys for TD Bank and Clover during oral argument…;"

(d)     "[S]ince you most likely are going to rely upon the lies advanced by the TD Bank and Clover attorneys encompassing various forms of deception, including but not limited to misrepresentation of the facts…;"

(e)     "The Plaintiff's ***Claim*** that TD Bank was wrong by refusing to correct Clover's actions and subsequently retained lying attorneys to deceive the court regarding the nature of the entire transaction…;"

3.  As to the Court he writes:

(a)     "…while it became apparent that you never really grasped the salient points of the complaint evidenced by your irrational claims that my complaint should have been filed against Asplundh Engineering, which is completely insane.;

(b)     "Judge no one possessing any cognitive reasoning power whatsoever could make such an uneducated, and completely contradictory comment that my claim should have been against

2

Asplundh Engineering unless they are cognitively disabled, a complete bigot, or they are being bribed by TD Bank and/or Clover;"

(c)    "…[S]o you Judge Farris, [sic] W. Wharton, don't take another bribe to dismiss my complaint for failure to make a ***CLAIM*** for damages!"

4.    The Court ordered Mr. Schiavo repeatedly to refrain from *ad hominum* attacks on counsel and the Court in his submissions.  On December 18, 2024, the Court struck identical motions to strike and to sanction counsel in the above cases.[2] It did so because of Mr. Schiavo's allegations that counsel "lied" at oral argument on the Defendants' motions to dismiss.[3]  In its Order, the Court advised him that while the Court grants *pro se* litigants considerable leeway, "it does not grant them license to make intemperate and defamatory accusations against opposing counsel," and admonished him to "temper the language of any future filings."[4]

5.    On December 20, 2024 the Court addressed Mr. Schiavo's motions to amend his complaints, which the Court assumed were filed before he became aware of the Court's December 18th Order.[5] In its December 20th Order, the Court struck

---

[2] D.I. 28 (*Clover*); D.I. 22 (*TD Bank*).
[3] *Id.*
[4] *Id.*
[5] D.I. 29 (*Clover*); D.I. 25 (*TD Bank*).

Mr. Schiavo's motions because it found them to be "in the same vein. Not only do they repeat Mr. Schiavo's *ad hominum* attacks on counsel, but they broaden the scope of his vituperative to include the Court."[6] The Court told Mr. Schiavo that it "will not consider any further filings from [him] that include *ad hominum* attacks on anyone, including opposing counsel and the Court. The Court will consider what sanctions might be appropriate to deal with [his] contumacious motions to amend his complaints."[7]

6.      On February 11, 2025, the Court granted Mr. Schiavo's motions for leave to move for the Court to recuse itself.[8] In doing so it reminded him that "his motions must not go beyond the bounds of civility to which the Court holds all litigants who come before it, including *pro se* litigants. The Court will not tolerate intemperate language or *ad hominum* attacks."[9]

7.      Finally, in its Memorandum Opinions and Orders dismissing his Complaint without prejudice, the Court again reminded Mr. Schiavo of the need to abstain from intemperate filings.[10] It stated, "The Court will strike any Amended

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Schiavo v. Clover Network, LLC,* 2025 WL 551690 (Del. Super. Ct. Feb. 19, 2025); *Schiavo v. TD Bank national Association,* 2025 WL 551742 (Feb. 19, 2025).

4

Complaint that includes language personally attacking opposing counsel or the Court."[11]

8.      On March 24, 2025, the Court issued an Order pursuant to Superior Court Civil Rule 64.1 directing Mr. Schiavo to appear before the Court on April 11, 2025 at 9:30 a.m. to show cause why he should not be held in civil contempt for the language of his letter received by the Court on March 20th.[12]

9.      On April 4, 2025, the Court docketeed a letter from Mr. Schiavo dated April 3rd.[13] Despite the pending Rule 64.1 show cause hearing, Mr. Schiavo's April 3rd letter includes the same *ad hominum* attacks on counsel and the Court as his March 20th letter.  Completely missing the point of the April 11th hearing, Mr. Schiavo expressed his intention to subpoena opposing counsel to testify at the hearing and to question the Court under oath.[14]  He closed with "…the God of the Universe says woe to you, Judge Farris [sic] W. Wharton, for calling the lies told by the attorneys for TD Bank [good], and the truth told by the Plaintiff is [contemptuous], see you in court!"[15]

---

[11] *Clover* at *5; *TD Bank* at *5.
[12] D.I. 48 (*Clover*); D.I. 41 (*TD Bank*).
[13] D.I. 62 (*Clover*); D.I. 54 (*TD Bank*).
[14] *Id.*
[15] *Id.*

10.     On April 9, 2025, the Court docketed a letter from Mr. Schiavo dated April 7th.[16]  The Court had previously directed Mr. Schiavo to file his intention to attend the hearing on April 11th by that date.  Mr. Schiavo's letter states that he will attend the hearing, but it says much more.  In addition to his now familiar refrain of accusing opposing counsel of being liars and the Court being "brain dead, a complete bigot, or possibly taking a bribe," he expressed a desire to have the Court psychiatrically examined to determine if it is suffering from "cognitive issues."  He describes what steps he has taken to secure such an examination and requests the Court agree to provide "the analyst and their company" with a letter granting them "complete immunity from any type of retaliation based on a positive finding."

11.     The Court held a hearing on April 11, 2025, where Mr. Schiavo had the opportunity to show cause why the Court should not find him in civil contempt for the language cited above in his letter filed on March 20, 2025 in violation of the Court's previous Orders regarding intemperate filings also cited above.  At that hearing, Mr. Schiavo acknowledged notice of the Court's Orders directing him to refrain from using uncivil language in his filings.  However, when given the opportunity to show cause why he should not be held in civil contempt, he was

---

[16] D.I. 67 (*Clover*); D.I. 57 (*TD Bank*).

6

unrepentant, insisting on the truth of his allegations about counsel and the Court while attempting to relitigate the merits of his case.

12. The Court finds the following by a preponderance of the evidence:

(a) Mr. Schiavo had notice of the Court's Orders regarding civility in his pleadings as set out in Paragraphs 4-7, above;

(b) Mr. Schiavo violated those Orders in his March 20th letter as set out in Paragraphs 2 and 3, above; and

(c) Even after receiving the Court's Rule 64.1 Order to show cause why he should not be held in civil contempt, continued to violate the Court's Orders in his letters dated April 3rd and April 7th as set out in Paragraphs 9 and 10, above.

**THEREFORE:**

1. The Court finds Charles Schiavo in civil contempt by a preponderance of the evidence.

2. It orders Mr. Schiavo to pay and forfeit the sum of $1000.00 to the Superior Court of the State of Delaware payable at the Prothonotary of New Castle County at the Leonard L. Williams Justice Center, 500 North King Street, Wilmington, DE 19801. This sum is separate and apart from any sanction imposed in *Schiavo v. TD Bank USA National Association,* C.A. No. N24C-08-107 FWW.

7

3.    Mr. Schiavo shall have 15 days from the date of this Order to make payment.

4.    The Court grants Mr. Schiavo 20 days from the date of his payment to file an Amended Complaint against Clover.

5.    Any Amended Complaint shall comply with the pleading requirements of Superior Court Civil Rules 8(a), 9(b) (if fraud is alleged), 10 (especially 10(b)) and 15(aa);

6.    Each claim shall be stated in separate counts, *i.e.* theft, fraud, breach of contract, *etc.*, and shall state all of the elements necessary to allege such claim or risk dismissal with prejudice upon appropriate motion;

7.    If payment is made in both cases, such Amended Complaint may join Clover Network, LLC and TD Bank USA National Association as well as any other prospective defendant in a single Amended Complaint either under this case, or under *Schiavo v. TD Bank National Association,* C.A. No. N24C-08-107 FWW;

8.    The Court will strike any Amended Complaint that includes language personally attacking opposing counsel or the Court;

9.    This sanction is not intended to be punitive. Rather, it is intended to cause Mr. Schiavo to amend his behavior and comply with this Court's expectations regarding civility towards opposing counsel and the Court in any future filings; and

10. Failure to pay the sanction imposed by this Order will result in the Court entering its judgment against Schiavo in this case with prejudice.

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.

oc: Prothonotary
cc: Charles Schiavo via first class mail and email
    All counsel of record via File&ServXpress